IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORRIS J.  PETTIGREW,  #359-809             *

          Plaintiff                          *

          v.                               *    CIVIL ACTION NO. L-10-652

BALTIMORE CITY POLICE                    *
 DEPARTMENT
                                 *

          Defendant

                        ***

**MEMORANDUM**

On March 15, 2010,[1] the court received for filing the above-captioned 42 U.S.C. § 1983 civil rights action submitted by Maryland Division of Correction inmate Morris J. Pettigrew (Pettigrew").[2]   Pettigrew complains that he was subject to an illegal arrest in July of 2006 and released five months later.

Although the Complaint provides no particulars regarding the criminal case history, Pettigrew seemingly claims that he was arrested without probable cause for the failure to "register" a change of address.[3]  He alleges that his whereabouts were not adequately investigated or researched. Paper No. 1.  Pettigrew claims that he verbally notified the Baltimore City Police Department's

---

[1]     The Complaint is undated.  Although the case was received in the District Court Clerk's Office on March 15, 2010, the postmark indicates it was franked on March 2, 2010, and, for unexplained reasons, initially received for filing in the United States Bankruptcy Court on March 3, 2010.  The Complaint shall be deemed "filed" on March 2, 2010.

[2]     Pettigrew is confined in the Maryland Division of Correction.  He does not discuss why he is currently incarcerated.

[3]     The Maryland state court docket shows that Pettigrew pleaded guilty to a sex offense in 2003 and was given a twenty-year sentence, with fifteen years suspended and five years probation.  See http://casesearch.courts.state.md.us.  Pettigrew is presumably claiming that in 2006, he was charged as a sex offender who had failed to register his change of address.

Domestic Violence Unit at their headquarters of his housing situation and the fact that he was

homeless due to his eviction.   He asserts that upon securing a residence, he went to register "within

the period allowed" and was then arrested.     Pettigrew complains that during his five-month

detention he lost his residency, the monies (rent) associated with his tenancy, personal property, and

his employment.[4] He appears to seek compensatory damages for lost wages.   Pettigrew's Motion

to Proceed In Forma Pauperis shall be granted.  His Complaint shall, however, be dismissed.

Insofar as Pettigrew has raised an allegation of defamation, he has failed to state a claim

under § 1983.  Injury to reputation alone does not result in a deprivation of a liberty or a property

interest protected by the Due Process Clause of the Fourteenth Amendment.  See Paul v. Davis, 424

U.S. 693, 703 (1976); see also Siegert v. Gilley, 500 U.S. 226, 233 (1991).  An action for damages to

reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983."  Fleming v. Dep't of Public

Safety, 837 F.2d 401, 409 (9th Cir. 1988).  Further, Pettigrew's vague allegations of threats and

harassment fail to comprise a claim of constitutional magnitude under the Civil Rights Act.

Finally, Pettigrew's primary § 1983 claim regarding the legality of his arrest in July of 2006

is subject to dismissal under the applicable statute of limitations.  When enacting 42 U.S.C. § 1983,

Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that

law is not inconsistent with federal law.  See Burnett v. Grattan, 468 U.S. 42, 47-48 (1984).  Because

no federal statute of limitations governs, federal courts routinely measure the timeliness of federal

civil rights suits by state law.  Id. at 49; Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983);

Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975).  The tradition of borrowing

analogous limitations statutes is premised on a congressional decision to defer to "the State's

---

[4]      Although it is not clear from the Complaint, Pettigrew appears to allege that he was subject to
harassment and defamatory conduct, and received unspecified threatening letters beginning in February of
2006 and continuing after his December 2006 release.

judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action." <u>Wilson v. Garcia</u>, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. <u>See</u> Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. <u>See</u> <u>Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. <u>Id.</u> Here, Pettigrew at the latest should have known of his alleged constitutional injuries in December of 2006, when he was released following his alleged illegal arrest and detention. Because he failed to file the instant Complaint within the three-year limitation period, it is clear that he is now barred from consideration of his claims.

A separate Order follows.

March 25, 2010                                        /s/

_____

Benson Everett Legg
United States District Judge

3